UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20290-CR-COHN

UNITED STATES OF AMERICA,

Plaintiff,

v.

JENNY MEJIA DE HERNANDEZ,

Defendant.
_____/

## ORDER DENYING DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL

**THIS CAUSE** is before the Court on Defendant Jenny Mejia De Hernandez's Rule 29 Motion for Judgment of Acquittal [DE 133]. The Court has carefully reviewed the Motion, the Government's Response [DE 135], the evidence adduced at trial, and is otherwise duly advised in the premises thereof.

Ms. Hernandez's Motion addresses solely the sufficiency of the evidence. In deciding the Defendant's post-trial motion for judgment of acquittal, the Court is required to view all the evidence in the light most favorable to the Government and draw all reasonable inferences and credibility determinations in favor of the jury's verdict. United States v. Williams, 144 F.3d 1397, 1401 (11th Cir. 1998); United States v. Mieres-Borges, 919 F.2d 652 (11th Cir. 1990); United States v. Kelly, 888 F.2d 732 (11th Cir. 1989). A judgment of acquittal should not be entered where a reasonable trier of fact could conclude that the evidence established guilt beyond a reasonable doubt. United States v. Williams, 390 F.3d 1319 (11th Cir. 2004); United States v. Grigsby, 111 F.3d 806 (11th Cir. 1997).

Here, there was ample evidence upon which the jury could conclude that Mrs. Hernandez had knowledge and participated in a scheme to export firearms to Honduras. The evidence established that she purchased fourteen firearms between December 18, 2007, and March 18, 2008. Eye-witness identification, Defendant's signatures, and security video from Ace's Indoor Range and Gun Shop all support a finding that the Defendant purchased firearms. The Defendant's assertion that she went to different vendors in order to seek out better prices and inventory was obviously rejected by the jury in light of the evidence that the gun dealers had access to the requested weapons and there was very little price variation among the dealers.

Finally, the Defendant's representation to the shipping agent of Rapido Cargo that she needed to ship household items back to Honduras but could not afford to ship them all at once was belied by evidence that the Defendant was at the same time purchasing firearms at $1,000 each.

For the reasons expressed above, this Court finds that sufficient evidence was presented for a reasonable trier of fact to conclude that the Defendant's guilt was established beyond a reasonable doubt. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant Jenny Mejia De Hernandez's Rule 29 Motion for Judgment of Acquittal [DE 133] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 3rd day of August, 2009.

**JAMES I. COHN
UNITED STATES DISTRICT JUDGE**

2

Copies provided to:

Counsel of record via CM/ECF